UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT SAMUEL,

    Petitioner,

    v.                                     CAUSE NO. 3:25-CV-665 DRL-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Robert Samuel, a prisoner without a lawyer, filed an amended habeas petition challenging the disciplinary decision (MCF-24-9-4880) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a rehearing, he was sanctioned with a loss of 180 days earned credit time and a demotion in credit class.

Mr. Samuel argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record contains a conduct report in which an investigator represented that he had reviewed video footage that revealed that, on May 29, 2024, Mr. Samuel told Officer Miller that "he was sent to pick up the package." ECF 9-1. According to the conduct report, Officer Miller responded that "he had been waiting all day." *Id.* Officer Miller then went into a bathroom with a backpack. *Id.* Once Officer Miller left the bathroom, Mr. Samuel entered and exited. *Id.* Mr. Samuel then went to another inmate's cell, removed items from his shoe, and handed them through the cuff port. *Id.* When correctional staff searched that cell the next day, they found, among other things, a cellphone, suboxone strips, and tobacco. *Id.* The administrative record includes video recordings, which the court has reviewed and found to be consistent with the conduct report and the video recording summaries. ECF 9-6, ECF 13. It includes photographs of the confiscated items. ECF 9-13. It also includes an investigative file and statements from Officer Miller and another inmate in which they deny any involvement in the trafficking incident. ECF 9-10; ECF 9-11.

The conduct report, the video recordings, the investigative file, and the photographs constitute some evidence that Mr. Samuel engaged in trafficking. Mr. Samuel argues that the administrative record contains inconsistent statements about the trafficking incident and lacks any physical evidence, but the lenient standard of some evidence does not require an entirely consistent evidentiary record or the presence of physical evidence. Therefore, the claim that the administrative record lacked sufficient evidence is not a basis for habeas relief.

Mr. Samuel argues that he is entitled to habeas relief because correctional staff denied his request for witness statements from "Nurse and the other officer" and his request for physical evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The Warden responds that Mr. Samuel cannot prevail on this claim because he did not describe the anticipated testimony or the material relevance of the requested physical evidence. The court agrees that Mr. Samuel cannot prevail without an explanation as to how the requested evidence would have affected the outcome of the disciplinary hearing. Further, given that the trafficking incident was captured on video recordings and the contraband was photographed, it seems likely that the denial of this evidence amounted to, at most, harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). A denial of evidence is not a basis for habeas relief.

In the petition, Mr. Samuel titles Ground 4 as "Impartial Decision Maker." However, after careful review of this portion of the petition, the court cannot discern a coherent argument relating to a lack of impartiality. Nevertheless, in the same portion, Mr. Samuel also argues that setting his disciplinary case for a rehearing violated his right against double jeopardy. "[D]ouble jeopardy protections do not attach in prison

3

disciplinary proceedings." *Portee v. Vannatta*, 105 F. Appx. 855, 858 (7th Cir. 2004); *see also Decker v. Bell*, 772 F. Appx. 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Moreover, it seems unlikely that a rehearing following an administrative appeal would implicate double jeopardy concerns even if such protections applied to prison disciplinary hearings. *See Jeffers v. United States*, 432 U.S. 137, 152 (1977) ("Both the trial after the appeal and the trial after the mistrial are, in a sense, a second prosecution for the same offense, but, in both situations, the policy behind the Double Jeopardy Clause does not require prohibition of the second trial."). Therefore, the argument that Mr. Samuel was subjected to double jeopardy is not a basis for habeas relief.

Next, Mr. Samuel argues that he is entitled to habeas relief because the conduct report was not issued within 24 hours of the misconduct as required by departmental policy. The issuance of a conduct report within a particular timeframe is not listed among the requirements for procedural due process in prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the law disfavors this court expanding this list, *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. Appx. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Because Mr. Samuel has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Samuel wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas petition (ECF 5);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Robert Samuel leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

January 5, 2026                                         *s/ Damon R. Leichty*
                                                        Judge, United States District Court